IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SISKIYOU BUCKLE COMPANY, INC.,
an Oregon corporation,                                    Civ. No. 09-3073-CL

               Plaintiff,

       v.

                                                   **ORDER**

GAMEWEAR, INC., a Delaware corporation,

               Defendant.

CLARKE, Magistrate Judge

     Defendant GameWear, Inc. ("GameWear") has moved for summary judgment (#62) on

the claims alleged against it by plaintiff Siskiyou Buckle Company, Inc. ("Siskiyou"). Siskiyou

opposes GameWear's motion and offers three declarations and twenty-seven exhibits in support

of its opposition. This matter comes before the court on GameWear's motion to strike (#87) two

of Siskiyou's exhibits and portions of two of Siskiyou's declarations. For the reasons described

below, the motion to strike is GRANTED IN PART AND DENIED IN PART.

## STANDARD

     Only admissible evidence may be considered in ruling on a motion for summary

judgment. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002); *see also* FED.

R. CIV. P. 56(e). A party may object that material cited would not be admissible in evidence. FED. R. CIV. P. 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. FED. R. CIV. P. 56(c)(4).

## DISCUSSION

GameWear objects and moves to strike paragraphs 5, 6, 7, 8, and 9 of the Declaration of J. Kenneth Stringer III in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment ("Stringer Declaration"); paragraphs 2 and 3 of the Declaration of Mark Hill in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment ("Hill Declaration"); portions of the deposition testimony of J. Kenneth Stringer III ("Stringer Deposition") submitted by Siskiyou as Exhibit 1 to the Declaration of Lewis W. Dahlin in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment ("Dahlin Declaration"); and Exhibit 27 attached to the Dahlin Declaration.

### A. Lack of Personal Knowledge

GameWear objects to the following evidence on grounds of lack of personal knowledge: paragraphs 6, 7, 8, and parts of paragraph 9 of the Stringer Declaration; paragraph 3 of the Hill Declaration; and lines 3 through 15 of page 35 and lines 23 through 25 of page 106 of the Stringer Deposition. In paragraph 6 of his Declaration, Stringer asserts that Siskiyou repeatedly informed GameWear that Siskiyou's license agreement with the NFL prohibited sublicensees, therefore the nature of the relationship between the parties was an exclusive distributorship, not a sublicensing agreement. In paragraph 7 of his Declaration, Stringer asserts that Siskiyou was assessed a penalty by the NFL in the form of unreported sublicensing royalties between July 2006 and July 2008 as the result of GameWear's "inaccurate representation to the NFL of its

Page 2 – ORDER

business relationship with Siskiyou," and describes the manner in which that penalty was calculated.  In paragraphs 8 and 9 of the Stringer Declaration and the objected to portions of the Stringer Deposition, Stringer asserts that after GameWear stopped purchasing NFL branded products through Siskiyou, the NFL informed Siskiyou that its leather football bracelet design was a "cheap knockoff" of GameWear's bracelet, despite the fact that Siskiyou's proposed leather football bracelet design had already been approved by NFL Quality Control.  Finally, in paragraph 3 of his Declaration, Hill asserts that the NFL had approved Siskiyou's leather football bracelet concept prior to February 2009.

A declarant must show personal knowledge and competency to testify by the facts stated. Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995); FED. R. EVID. 602.  The matters must be known to the declarant personally, as distinguished from matters of opinion or hearsay. Id.  When a declarant necessarily has first-hand knowledge of the facts contained in an affidavit by virtue of his or her position of employment, personal knowledge may be inferred.  See In re Kaypro, 218 F.3d 1070, 1075 (9th Cir. 2000) (inferring personal knowledge of company's credit manager regarding company's ordinary credit practices); Self–Realization Fellowship Church v. Ananda Church of Self–Realization, 206 F.3d 1322, 1330 (9th Cir. 2000) (corporate officer's knowledge of identity of employees and their tasks could be presumed); Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (CEO's personal knowledge of various corporate activities could be presumed).

### 1.  Hill Declaration

It is undisputed that Mark Hill ("Hill") was, at the relevant time, Siskiyou's Vice President of Sales and GameWear's primary point of contact at Siskiyou and as such was directly and personally involved in all aspects of the relationship between the parties, including

product development and obtaining licensing from the NFL to produce and sell certain products. The court therefore finds that Hill's personal knowledge that the NFL approved Siskiyou's football bracelet design and subsequently withdrew its approval may be inferred from the duties he performed in his position as Siskiyou's Vice President of Sales. GameWear's motion to strike paragraph 3 of the Hill Declaration for lack of personal knowledge is therefore denied.

### 2. Stringer Declaration and Deposition

It is likewise undisputed that J. Kenneth Stringer III ("Stringer") is Siskiyou's President. The exhibits submitted by the parties establish that Stringer communicated directly with GameWear's corporate officers; reviewed and approved communications to GameWear authored by Hill; and was generally kept abreast of developments in the relationship between the parties while it existed and after it ended. (*See, e.g.*, Dahlin Decl., Exs. 7, 10, 19; Decl. of Keil Mueller iso Def's Mot. for Summ. J. ("Mueller Decl."), Exs. 11, 14, 16). In sum, the evidence generally establishes that Siskiyou is a small operation and that both Hill and Stringer played active roles in managing its relationship with GameWear.

The court finds that Stringer's personal knowledge of the matters in paragraphs 6, 7, 8, and 9 of his declaration and the objected to portions of his deposition testimony may generally be inferred from his position as Siskiyou's President and the nature of his involvement with both Siskiyou's products and its relationship with GameWear. However, Stringer's position does not provide a basis for inferring that he has personal knowledge of the NFL's reasons for assessing the penalty, which appears in paragraph 7 of his declaration, or that he has personal knowledge of the statements allegedly made to Hill by the NFL, which appear in paragraph 8 and 9 of his Declaration and the objected to portions of his deposition testimony. GameWear's motion to strike is therefore granted with respect to these matters and otherwise denied.

Page 4 – ORDER

**B. Hearsay**

GameWear moves to strike paragraphs 2 and 3 of the Hill Declaration and portions of paragraph 9 of the Stringer Declaration on grounds that this evidence is inadmissible hearsay. In paragraph 2 of his Declaration, Hill asserts that Rhiannon Madden, a licensing agent from the NFL, communicated to him that Siskiyou's football bracelet concept was a "cheap knockoff" of GameWear's football bracelet product.[1] In 3 of his Declaration, Hill asserts that the NFL had approved Siskiyou's leather football bracelet concept prior to February 2009. Stringer also makes this assertion in paragraph 9 of his Declaration.

Hearsay statements in affidavits are inadmissible. Japan Telecom, Inc. v. Japan Telecom Am. Inc., 287 F.3d 866, 875 n. 1 (9th Cir. 2002). Hearsay is any out-of-court statement, whether oral or written, offered in evidence to prove the truth of the matter asserted. FED. R. EVID. 801(a), (c). In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Federal Rule of Evidence 803, 804, or 807. See FED. R. EVID. 802; 30B MICHAEL H. GRAHAM, FEDERAL PRACTICE & PROCEDURE: EVIDENCE § 7031 at 279. When a statement is hearsay within hearsay, or double hearsay, each statement must qualify under some exemption or exception to the hearsay rule. FED. R. EVID. 805; U.S. v. Arteaga, 117 F.3d 388, 396 n. 12 (9th Cir. 1997).

### 1. NFL's Quality Control approval of Siskiyou's products

Paragraph 3 of the Hill Declaration and paragraph 9 of the Stringer Declaration assert that NFL Quality Control had approved Siskiyou's leather football bracelet concept prior to February

---

[1] Stringer repeats these statements in paragraphs 8 and 9 of his Declaration and in the objected to portions of his deposition testimony. GameWear moves to strike this evidence on grounds that it constitutes double hearsay. The court has already excluded this evidence for lack of personal knowledge and therefore need not address GameWear's hearsay argument.

2009. The NFL's approval is an out-of-court statement by a third party, and thus constitutes hearsay. Siskiyou has failed to provide any explanation for *how* the NFL Quality Control communicated its approval of Siskiyou's leather football bracelet concept, therefore the court is unable to determine whether any exception to the hearsay rule applies. The court therefore will not consider this evidence on summary judgment. However, to the extent that GameWear seeks a ruling excluding such evidence at trial, the court will reserve that ruling until the specific evidence is before the court and an admissibility determination may properly be made.

### 2.  NFL statements that Siskiyou's products were "cheap knockoffs"

Paragraph 2 of the Hill Declaration relates that the NFL's agent Rhiannon Madden communicated to Hill that Siskiyou's leather football bracelet concept was a "cheap knockoff" of GameWear's patented leather football bracelet product. This is an out-of-court statement by a third party and thus constitutes hearsay.

Siskiyou argues that this statement is not offered for the truth of the matter asserted, that is, to prove that Siskiyou's football bracelet concept is a "cheap knockoff" of GameWear's football bracelet product, but rather is offered in support of Siskiyou's trade libel and intentional interference with economic relations claims. (*See* Pl's Resp. to Def's Mot. to Strike, pp. 14; statements are offered "to support Siskiyou's general theory that GameWear said something to the NFL that caused the NFL to revoke Siskiyou's license to produce bracelets and keychains bearing NFL marks though the NFL had already approved Siskiyou's designs.") More specifically, Siskiyou offers this statement as evidence from which a jury may infer that GameWear told the NFL that Siskiyou's football bracelet concept infringed upon GameWear's patented football bracelet, and did so for the purpose of disrupting Siskiyou's relationship with the NFL. Because the statement is not offered for the truth of the matter asserted, it is admissible

non-hearsay.  GameWear's motion to strike paragraph 2 of the Hill declaration is therefore denied.

### C.  "Sham Affidavit"

GameWear objects to paragraph 5 of the Stringer Declaration on grounds that it contradicts Siskiyou's prior sworn interrogatory responses and that Siskiyou's explanation for the discrepancy, that the Stringer Declaration reflects information obtained through discovery, is not credible given the allegations in the Complaint.

Under the "sham affidavit" rule, a party cannot create a triable issue of fact by introducing a sham affidavit that contradicts his prior deposition testimony or interrogatory responses.  School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1264 (9th Cir. 1993); Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir. 1975).  This rule, however, is limited to an affidavit "that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment."  Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991).  The court must therefore make a factual determination that the contradiction is actually a sham before applying the rule.  Id. at 267.  The "sham affidavit" rule does not apply where minor inconsistencies result from an honest discrepancy, a mistake, or newly discovered evidence, nor does the rule preclude a party from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition.  Nelson v. City of Davis, 571 F.3d 924, 928 (9th Cir. 2009) (internal citations omitted).

The court finds that the Stringer Declaration is not a "sham affidavit."  Siskiyou has alleged, and GameWear admits, that GameWear stopped ordering NFL branded products through Siskiyou in May of 2008, but continued to sell these products through its website.  (Decl. of Frank Cerullo iso Def's Mot. for Summ. J. ("Cerullo Decl."), ¶ 5).  As discussed in this

Page 7 – ORDER

court's Order (#91), Siskiyou demanded GameWear provide an accounting of its product sales on September 18, 2008, and again on October 8, 2008, and that the accounting demand was reiterated in the communications exchanged by counsel for the parties between March and June of 2009.  However, GameWear did not provide the requested accounting during these pre-litigation exchanges or at any time before Siskiyou responded to GameWear's interrogatories. Siskiyou asserts that the Stringer Declaration therefore simply reflects a correction in light of new information obtained through discovery.  On these facts, the court finds that the Stringer Declaration is not a "sham affidavit."  GameWear's motion to strike paragraph 5 of the Stringer Declaration is therefore denied.

At oral argument on GameWear's motion for summary judgment (#62), GameWear represented that, in light of Siskiyou's interrogatory response, it decided not to depose Stringer on the issue of when the alleged oral agreement between the parties was terminated.  Therefore, the court orders that GameWear may take a brief supplemental deposition of Stringer on this limited issue.  Should GameWear elect to do so, the supplemental deposition shall be completed by December 30, 2011.

### D.  Plaintiff's Exhibit 27

GameWear objects and moves to strike plaintiff's Exhibit 27 on grounds that the exhibit is improperly authenticated and constitutes improper opinion evidence.

In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered.  Fraser v. Goodale, 342 F.3d 1032, 1036–37 (9th Cir. 2003).  If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay.  Id.

Exhibit 27 is attached to the Declaration of Lewis W. Dahlin, counsel for Siskiyou at the relevant time, and identified as a depiction of the differences in design between GameWear's patented leather football bracelet design and Siskiyou's allegedly infringing product. (Dahlin Declaration, ¶ 28). The depiction was allegedly sent to GameWear's counsel by Gary Peterson, a partner at Mr. Dahlin's firm and co-counsel for Siskiyou, as a visual illustration of the differences between the two products. (Pl's Mem. in Supp. of Pl's Resp. to Def's Mot. for Summ. J., pp. 12). The court therefore finds that Mr. Dahlin, if called to testify, could attest to the authenticity of Exhibit 27 on the basis of his status as Siskiyou's counsel. *See* Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (court may infer an affiant has the requisite personal knowledge and competence to testify by considering the affiant's position or participation in the matters at hand). As to the contents of Exhibit 27, Siskiyou argues the exhibit's contents can be presented in an admissible form at trial through the testimony of a properly qualified witness. The specifics of the parties' respective products designs will necessarily be introduced at trial in the course of litigating GameWear's trademark infringement counterclaim. The court therefore concludes that the contents of the exhibit, which allegedly identifies and contrasts certain design elements of the two products, could be presented in an admissible form at trial. GameWear's motion to strike Exhibit 27 is therefore denied.

## CONCLUSION

For the reasons stated above, GameWear's motion to strike (#87) is GRANTED IN PART AND DENIED IN PART. GameWear shall have until December 30, 2011, to take a supplemental deposition of Mr. Stringer on the limited issue of when the alleged contract between the parties was terminated.

At oral argument on GameWear's motion for summary judgment (#62) on November 29,
2011, Siskiyou moved for leave to file supplemental exhibits in support of its response opposing
the motion on grounds that it had retained new counsel in this matter on October 31, at which
point the motion was fully briefed and less than thirty days before oral argument. Siskiyou
asserts that, due to the voluminous record, it was unable to identify the new evidence it now
seeks to offer prior to oral argument despite all due diligence. In the interest of ensuring that
Siskiyou has the opportunity to submit its response on the full evidentiary record and in light of
the extenuating circumstances, the court hereby grants Siskiyou's motion. Siskiyou may file
such new evidence not already submitted in the record, along with a supplemental brief no more
than ten pages long explaining the limited issue of the manner in which new evidence submitted
for consideration, no later than January 14, 2012. GameWear shall file a responsive brief and
any rebuttal evidence it wishes the court to consider no later than January 28, 2012.


IT IS SO ORDERED.

DATED this _____*30*_____ day of November, 2011.

MARK D. CLARKE
United States Magistrate Judge


Page 10 – ORDER