IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SISKIYOU BUCKLE COMPANY, INC.,
an Oregon corporation,

Civ. No. 09-3073-CL

Plaintiff,

v.

**ORDER**

GAMEWEAR, INC., a Delaware corporation,

Defendant.

CLARKE, Magistrate Judge

This matter comes before the court on defendant's petition for attorney fees and costs (#94) incurred in making its motions to compel and for sanctions as the result of plaintiff's spoliation of evidence. Plaintiff objects to portions of the fees and costs sought as excessive and unauthorized.

## BACKGROUND

On November 3, 2011, the court found plaintiff Siskiyou Buckle ("Siskiyou") grossly negligent in its duty to preserve evidence potentially relevant to this litigation, and further found that Siskiyou's failure to investigate its information technology structure and capabilities in preparation for discovery necessitated the motions to compel (#48) and for sanctions (#54) filed

Page 1 – ORDER

by defendant GameWear, Inc. ("GameWear"). Therefore, pursuant to its inherent powers and Federal Rule of Civil Procedure ("Rule") 37(b)(2), this court awarded (#91) defendant GameWear, Inc. ("GameWear") its reasonable costs and attorney fees incurred in making both motions. GameWear has submitted an affidavit and billing summaries in support of its petition for attorney fees in the sum of $11,434.00.

## DISCUSSION

Siskiyou raises three objections with regard to GameWear's petition for attorney's fees. First, Siskiyou argues that the $1,000.00 GameWear seeks for fees incurred in connection with the preparation of its petition is both excessive and beyond the scope of this court's order. GameWear does not identify who drafted the petition or provide any contemporaneous breakdown of the hours expended on it, but argues in its reply that $1,000 constitutes less than four and a half hours of time at Mr. Mueller's billing rate of $225 per hour. Counsel for defendant are professional, and the court has no reason to doubt the representations in the reply. However, because the attorney's fees sought in connection with the preparation of defendant's petition for attorney's fees is not supported by detailed contemporaneous entries, the court sustains Siskiyou's objection on this issue.

Next, Siskiyou argues the total number of hours GameWear expended is excessive for the work done. The court's review of the declaration and exhibits filed in support of GameWear's attorney fee petition reveals that Mr. Robert Shlachter expended a total of 6.1 hours and Mr. Keil Mueller expended a total of 35.8 hours in researching, analyzing, and drafting the motions, and preparing for and attending hearings on the motions. The motion to compel consists of a two-page motion, forty-nine page supporting memorandum, and four-page declaration with thirteen attached exhibits. The motion for sanctions consists of a two-page motion, fifty-five page

supporting memorandum, and two-page declaration with two attached exhibits. After oral argument on April 20, 2011, the court entered its discovery order, to which Siskiyou responded on June 3, 2011. Status conferences were subsequently held on June 16 and August 1. Counsel for GameWear thereafter filed an eight-page response to Siskiyou's responses to the court's discovery order. The court finds the combined total of 41.9 hours expended, representing less than one day's work for Mr. Shlachter and approximately 4.5 day's work for Mr. Mueller, to be reasonable in light of the 121 pages of drafted pleadings, oral argument, and two status conferences. Siskiyou's objections on this issue are therefore overruled.

Finally, Siskiyou argues the entries related to GameWear's fees incurred as the result of researching and drafting motion for sanctions are outside the scope of the court's order and unwarranted. This contention is without merit. GameWear's Rule 30(b)(6) Notice directed Siskiyou to designate a witness or witnesses to testify regarding various issues, including six questions which specifically addressed Siskiyou's electronically stored information in significant detail. Siskiyou had a duty to investigate those issues, identify the person capable of addressing them, and adequately prepare that person for deposition. It failed to do so and was in fact still unprepared to address those issues at oral argument, forcing the court to craft a discovery order (#67) and hold the motion in abeyance pending Siskiyou's response. Those responses rendered moot GameWear's motion for an award of fees and costs resulting from taking a supplemental deposition. However, the attorney's fees GameWear necessarily incurred in researching and drafting its motion are a direct result of Siskiyou's failure to adequately prepare its Rule 30(b)(6) designee. For this reason, the court specifically awarded GameWear its reasonable costs and fees in making the motion. Siskiyou's objections on this issue are therefore overruled.

//

Page 3 – ORDER

## CONCLUSION

For the reasons set out above, GameWear's petition for attorney's fees (#94) is GRANTED IN PART AND DENIED IN PART. GameWear is awarded its reasonable attorney's fees incurred in making its motions to compel and for sanctions in the amount of $10,434.00. GameWear's petition for attorney's fees incurred in making this petition is denied.

IT IS SO ORDERED.

DATED this 6 day of January, 2012.

MARK D. CLARKE
United States Magistrate Judge